In the Matter of HARVEY BAYER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 14, 1988

### APPEARANCES OF COUNSEL

*Gary L. Casella (Eugene Allan Schlanger* of counsel), for petitioner.

*Milton D. Jacobs* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on October 18, 1961.

In this proceeding the petitioner moves to confirm the report of the Special Referee which sustained the three charges of professional misconduct and the respondent submits an affirmation in response.

The first charge alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) in that, on May 6, 1985, the respondent was convicted, in the County Court, Westchester County, of promoting gambling in the second degree, in violation of Penal Law § 225.05, a class A misdemeanor, and of possession of a gambling device in violation of Penal Law § 225.30, a class A misdemeanor.

The second charge alleged that the respondent failed to file with this court a record of his conviction within 30 days thereafter, as required by Judiciary Law § 90 (4) (c).

The third charge alleged that the respondent intentionally omitted from a State Liquor Authority questionnaire dated January 4, 1984, the fact that he had been employed for the previous 10 years as a confidential law secretary by three different Judges. On January 4, 1984, the respondent was actually employed as confidential law secretary to an acting Supreme Court Justice.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the professional misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, the court has taken into consideration the fact that the respondent has a previously unblemished record as well as the other mitigating circumstances advanced by respondent throughout these proceedings.

Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year, effective April 15, 1988, and until further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.